## Ex parte LUCY SEE, Petitioner.

Division Two, March 21, 1912.

1. **INFORMATION: Incorrigible Girl: Individuating Offense.** The statute (Sec. 1546, R. S. 1909) designating the character of girls that may be committed to the State Industrial Home does not individuate the offense, and it is therefore necessary that the information set out the facts which constitute the alleged offense. An information charging that the sixteen-year-old girl "was then and there unlawfully incorrigible to such an extent that she could not be controlled by her parents and guardians, and that her associations were immoral and criminal and bad and vicious" is not sufficient to support a judgment.

2. **JUDGMENT: Incorrigible Girl: No Finding of Facts.** A judgment that fails to show that any trial was had or that defendant was found guilty of any offense covered by the statute is insufficient. A judgment which does not find that the girl was incorrigible, or that her associations were immoral or criminal, or bad or vicious, but simply finds that "she is a fit subject to be committed to the State Industrial Home for Girls," will not authorize the sheriff to deprive her of her liberty.

Habeas Corpus.

WRIT ALLOWED.

*Thos. F. Gatts* for relator.

FERRISS, P. J.—The petitioner, a girl of sixteen years of age, complains that she is unlawfully and wrongfully deprived of her liberty by T. C. Lasley, sheriff of Marion county, Missouri.

It appears from the information and return that on the 2d day of March, 1912, the assistant prosecuting attorney of Marion county filed before one Thomas L. Anderson, justice of the peace, the following information:

"Lewis O'Conner, prosecuting attorney within and for the county of Marion, in the State of Missouri, upon the actual knowledge of F. L. Kelly, as is set forth in the affidavit of said F. L. Kelly, heretofore in and with this court filed, upon his knowledge, information and belief, informs the court that Lucy See, on the . . . day of March, A. D. 1912, at the township of . . . said county of Marion, State of Missouri, being then and there a female child, under the age of eighteen years and over the age of seven years, to-wit: the age of sixteen years, was then and there unlawfully incorrigible to such an extent that she could not be controlled by her parents and guardians, and that the associations of her, the said Lucy See, were then and there immoral and criminal and

bad and vicious, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri.''

The petitioner was arrested upon this information and taken before the said justice of the peace. The transcript of the proceedings before the justice shows as follows:

''Now on this day (March 5, 1912), this cause coming on to be heard, comes the assistant prosecuting attorney, Lewis O'Conner, who prosecutes, on behalf of the State, and the defendant, Lucy See, in her own proper person, and the said defendant, having seen and heard read the information filed in this cause, for plea says she is not guilty in manner and form as charged, and this cause is submitted to the justice for trial. And it appearing to the court that the defendant, Lucy See, is a girl over the age of seven years and under the age of eighteen years, to-wit, of the age of sixteen years, and that she is a fit subject to be committed to the State Industrial Home for Girls, I therefore, the undersigned justice of the peace, do for said offense assess her punishment at confinement in said State Industrial Home for Girls until she reach the age of twenty-one years.

''It is therefore adjudged by the court that the said defendant, Lucy See, be confined in the State Industrial  Home for Girls, located at  Chillicothe, Livingston county, Missouri, until she is twenty-one years of age, or she be discharged according to law.''

The  judge of the  Hannibal  Court of Common Pleas indorsed his approval upon the sentence of the justice, whereupon the petitioner was committed to Sheriff Lasley, to be taken to the State Industrial Home for Girls, in accordance with the sentence.

This proceeding is attacked on various grounds by the petitioner; among others, that the law under which the proceeding was had is unconstitutional. The

proceeding before Justice Anderson was under section 1546, Revised Statutes 1909, which reads as follows:

".Every girl over the age of seven years and under the age of eighteen years, who shall be convicted of being a vagrant, or of any offense not punishable with death or imprisonment for life, or whose associations are immoral or criminal, or bad and vicious, or who is incorrigible to such extent that she cannot be controlled by her parents or guardians in whose custody she may be, may be sentenced to said industrial home until she shall reach the age of twenty-one years, if the court or magistrate before whom such conviction shall be had deem the girl so convicted a fit subject to be committed to said home, such sentence to be approved by the circuit or probate judge before being committed, and the age of the girl so committed to be indorsed on the commitment."

We deem it necessary to consider only the question of the sufficiency of the information and judgment. The statute does not individuate the offense. It is therefore necessary that the information set out the facts which constitute the alleged offense, which is not done. [State v. Hayward, 83 Mo. 299.] We therefore think the information is insufficient to support the judgment. We furthermore think the judgment is insufficient in that it fails to show that any trial was had, and fails to show that the petitioner was found guilty of any offense covered by section 1546. It does not find that she was incorrigible, or that her associations were immoral or criminal, bad or vicious. The justice finds simply that "she is a fit subject to be committed to the State Industrial Home for Girls," and therefore the justice proceeded to sentence her to the State Industrial Home for Girls "for said offense." We apprehend that the law does not contemplate that a justice of the peace may sentence a girl to the industrial home simply because he reaches the conclusion that she is a fit subject for that institution.

There is nothing in the judgment of the justice that sustains any allegation of the information. The proceeding, therefore, was without warrant of law, and the petitioner should be discharged. It is so ordered. *Kennish* and *Brown, JJ.,* concur.